IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KEVIN BENNETT** § | | **PLAINTIFF** |
| § | | |
| v. § | | Civil No. 1:21-cv-194-HSO-RHWR |
| § | | |
| **ALLSTATE INSURANCE** § | | **DEFENDANT** |
| **COMPANY** § | | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION [6] TO DISMISS COUNT FOR BAD FAITH AND DISMISSING PLAINTIFF KEVIN BENNETT'S BAD FAITH CLAIM**

BEFORE THE COURT is Defendant Allstate Insurance Company's Motion [6] to Dismiss Count for Bad Faith. Plaintiff Kevin Bennett has not responded and the time for doing so has passed. *See* L.U. Civ. R. 7(b)(4). After due consideration of the record, the Motion, related pleadings, and relevant legal authority, the Court finds that Defendant Allstate Insurance Company's Motion [6] should be granted and that Plaintiff Kevin Bennett's claim for bad faith should be dismissed with prejudice.

I. BACKGROUND

A. Factual background

At all times relevant to this case, Plaintiff Kevin Bennett ("Plaintiff" or "Bennett") owned real property in Carriere, Mississippi. Compl. [1] at 2. Bennett insured this property through an insurance policy ("the Policy") issued by Defendant Allstate Insurance Company ("Allstate"), which provided coverage of up

to $180,000.00 for the dwelling, $18,000.00 for other structures, $135,000.00 for personal property, and up to twelve months of additional living expenses. *Id.*

According to the Complaint, on October 28, 2020, Hurricane Zeta made landfall and severely impacted the Mississippi Gulf Coast. *Id.* Plaintiff alleges that Hurricane Zeta caused "significant" damage to his property and that he reported this loss to Allstate shortly thereafter. *Id.* Following receipt of Bennett's claim, Allstate inspected Bennett's property and "documented damages to the dwelling and other structures." *Id.* Based on its assessment, Allstate concluded that the dwelling had suffered $138.04 in damages and that the other structures had suffered $1,368.23 in damages. *Id.*

Dissatisfied with Allstate's damage estimate, Bennett engaged Robert Scott ("Scott")[1] to perform an inspection of the property. *Id.* at 3. Scott did so and estimated damages of $90,734.80 to the dwelling and $9,978.44 to the other structures. *Id.* Altogether Scott estimated that Bennett's property had suffered $100,713.24 in damages due to Hurricane Zeta. *Id.* Bennett submitted Scott's estimate to Allstate, along with "a demand for the release of unconditional tenders, totaling $100,713.24." *Id.* The Complaint alleges that "only inadequate insurance proceeds have been forthcoming" from Allstate. *Id.*

B. <u>Procedural history</u>

Invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332, on June 7, 2021,

---

[1] The Complaint only identifies Scott as the person who performed an inspection and prepared a damage estimate on Bennett's behalf. Compl. [1] at 3. It does not provide any information on Scott's profession or other qualifications for estimating property damage claims.

2

Bennett filed a Complaint in this Court, raising claims against Allstate for breach of contract and bad faith. *Id.* at 4-6. With respect to his bad faith claim, Bennett alleges that Allstate's "actions and/or inactions . . . in failing to timely and adequately compensate [him] for the covered losses under the Policy were arbitrary, capricious, and without probable cause." *Id.* at 5-6. Bennett also alleges that Allstate violated Mississippi Code § 83-9-5(h) by failing to provide him with "adequate payment" on his claim, "despite having received satisfactory proof of loss." *Id.* at 6. He submits that Allstate further acted in bad faith by: (1) misrepresenting facts and/or policy terms; (2) failing to timely pay for damages that "it knew, or should have known, existed at the time of the initial adjustment;" (3) failing to timely pay for damages that "it knew, or should have known, existed at the time of its own estimate;" (4) manipulating its "pricing software to artificially suppress the costs of repairs below market value;" (5) failing to include "adequate overhead and profit" in estimating damages; and (6) generally handling his claim in bad faith. *Id.* at 6.

On August 23, 2021, Allstate filed a Motion [6] to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Bennett's bad faith claim on grounds that the Complaint fails to allege sufficient facts to support such a claim. Mot. [6] at 3. Allstate characterizes Bennett's suit as "a pocketbook dispute between Allstate and another person who prepared an estimate of damages," which it contends is insufficient to "support a claim of bad faith or any other tort warranting the recovery of punitive damages." Mem. [7] at 2 (citing *Cossitt v. Alfa*

3

*Ins. Corp.*, 726 So. 2d 132, 136-39 (Miss. 1998); *State Farm Mut. Auto. Ins. Co. v. Roberts*, 379 So. 2d 321 (Miss. 1980)). Bennett has not responded to Allstate's Motion [6] and the time for doing so has long passed. L.U. Civ. R. 7(b)(4).

## II.  DISCUSSION

A.  Legal standard

A motion to dismiss under Rule 12(b)(6) requires the court to "assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. L.L.C.*, 624 F.3d 201, 210 (5th Cir. 2010) (citation omitted). But the Court will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal quotation marks omitted) (quoting *In re Great Lakes*, 624 F.3d at 210).

B.  Analysis

Because this case arises under the Court's diversity jurisdiction, it must apply the substantive law of the forum state, Mississippi. *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., L.L.C*, 751 F.3d 684, 688 (5th Cir. 2014) (citing *Erie*

*R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Mississippi law requires insurers to "perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation," and insurers "may be liable for punitive damages for denying a claim in bad faith." *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 633 (5th Cir. 2015) (internal quotation marks omitted) (quoting *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 627 (5th Cir. 2008)).

In order to support a bad faith claim, a plaintiff must establish three elements: "1) [the insurer] had a contractual obligation to her; 2) [the insurer] lacked an arguable or legitimate basis for its delay in paying her claim; and 3) [the insurer]'s failure resulted 'from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort.'" *James v. State Farm Mut. Ins. Co.*, 743 F.3d 65, 70 (5th Cir. 2014) (quoting Jeffrey Jackson, *Miss. Ins. Law & Prac.* § 13.2 (2012)); *see also Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003). An "arguable basis" is "nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to [the] heightened level of an independent tort." *Univ. Life Ins. Co. v. Veasley*, 610 So. 2d 290, 293 (Miss. 1992) (quoting *Pioneer Life Ins. Co. of Ill. v. Moss*, 513 So. 2d 927, 930 (Miss. 1987)).

The Complaint avers that Allstate failed to "timely . . . compensate [him] for the covered losses under the Policy." Compl. [1] at 3, 5. Specifically, Bennett alleges that Allstate failed to timely pay for damages that it "knew, or should have known, existed" after it conducted the initial adjustment and received its own damages

5

estimate. Compl. [1] at 6. In support of this contention, Plaintiff cites Mississippi Code § 83-9-5(1)(h) which provides, in pertinent part, that:

> [a]ll benefits payable under this policy for any loss, other than loss for which this policy provides any periodic payment, will be paid within twenty-five (25) days after receipt of due written proof of such loss in the form of a clean claim where claims are submitted electronically, and will be paid within thirty-five (35) days after receipt of due written proof of such loss in the form of clean claim where claims are submitted in paper format. Benefits due under the policies and claims are overdue if not paid within twenty-five (25) days or thirty-five (35) days, whichever is applicable, after the insurer receives a clean claim containing necessary medical information and other information essential for the insurer to administer preexisting condition, coordination of benefits and subrogation provisions.

Miss. Code Ann. § 83-9-5(1)(h)(1).

Contrary to Plaintiff's assertion, § 83-9-5(1)(h)(1) is inapplicable to the Policy at issue here. Under Mississippi Code § 83-9-5(1)(h), "the term 'insurer' means a health maintenance organization, an insurance company or any other entity responsible for the payment of benefits under a policy or contract of accident and sickness insurance." Miss. Code Ann. § 83-9-5(1)(h). Mississippi Code § 83-9-1 defines "policy of accident and sickness insurance" as:

> any individual or group policy or contract of insurance against loss resulting from sickness or from bodily injury, including dental care expenses resulting from sickness or bodily injury, or death by accident, or accidental means, or both.

Miss. Code Ann. § 83-9-1.

There is no allegation in the Complaint that the Policy covered any loss that would make § 83-9-5(1)(h)(1) applicable. *See, e.g., Cox McCarver, L.L.C. v. Sentry Ins. Grp., Inc.*, No. 3:19-CV-862-CWR-LGI, 2021 WL 1187086, at *2 (S.D. Miss.

6

Mar. 29, 2021) (holding that § 83-9-5(1)(h)(1) did not apply to "a commercial insurance policy providing coverage to commercial property"). Instead, the Complaint alleges that the Policy afforded coverage for damages to the dwelling located on the Plaintiff's real property in Carriere, Mississippi, other structures on that property, personal property, and twelve months of living expenses. Compl. [1] at 2. This is insufficient to state a claim that Allstate violated Mississippi Code § 83-9-5(1)(h)(1), let alone that it violated this statute in bad faith.

Nor has Plaintiff sufficiently alleged that Allstate acted in bad faith by untimely compensating him. From the facts as set forth in the Complaint, Bennett reported his Hurricane Zeta claim shortly after the storm occurred. *Id.* at 2. Thereafter, Allstate inspected the property and determined the amount of benefits it believed that Bennett was owed under the Policy, and it proceeded to tender this amount to Bennett based on its estimation of the damages. *Id.* at 2-3. As previously stated, an arguable reason is "nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to the heightened level of an independent tort." *Veasley*, 610 So. 2d at 293 (quoting *Pioneer Life Ins. Co. of Ill.*, 513 So. 2d at 930). Even if the insurer's estimate is ultimately incorrect, this alone "does not in and of itself warrant an award of punitive damages if the decision was reached in good faith." *Liberty Mut. Ins. Co.*, 862 So. 2d at 533 (citation omitted).

Here, according to the Complaint, Allstate conducted an inspection and prepared an estimate as to the value of Bennett's claim, and it relied on that information in electing not to pay the amount claimed by Bennett. The fact that

Allstate's damage estimate may ultimately be proven incorrect does not in and of itself support a bad faith claim, and Bennett has not alleged any additional factual details, beyond conclusory assertions and labels, that support a bad faith claim. *Liberty Mut. Ins. Co.*, 862 So. 2d at 533. As such, Bennett has failed to plead sufficient facts demonstrating that Allstate lacked an arguable or legitimate reason for delaying payment of his claim.

Bennett also alleges that Allstate failed to "adequately compensate [him] for the covered losses under the Policy," Compl. [1] at 3, 5, and that Allstate manipulated "its pricing software to artificially suppress the cost of repairs below market value,"[2] and failed to "include adequate overhead and profit in its estimates of damages" in bad faith, *id.* at 6. He offers no further factual details to elaborate upon or support these conclusory assertions.

The Mississippi Supreme Court has labeled disagreements over the value of a claim as "pocketbook disputes." *Cossitt*, 726 So. 2d at 138-39; *see also Dey*, 789 F.3d at 634. A pocketbook dispute is insufficient to support a claim of bad faith, *Dey*, 789 F.3d at 634, because "differences of opinion [over the value of the claim] [do] not rise to the level of wanton, gross or intentional conduct in the nature of an independent tort," *Roberts*, 379 So. 2d at 322. Moreover, the "Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases where the insurer did

---

[2] An allegation that Allstate purposely manipulated its software might state a claim for bad faith if it was supported by sufficient factual allegations. *James*, 743 F.3d at 70 (noting that an insurer's intentional wrong may support a bad faith claim). However, at this stage, the Court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005). Plaintiff merely, states without supporting facts, that Allstate altered its pricing software to lower the cost of repairs to Plaintiff's property. Compl. [1] at 4-6. This conclusory allegation is insufficient to survive Allstate's Motion [6] to Dismiss.

not deny coverage, but only disputed the amount of the claim or delayed payment." *Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1099 (Miss. 1996) (quoting *Tutor v. Ranger Ins. Co.*, 804 F.2d 1395, 1399 (5th Cir. 1986)).

Plaintiff contends that in total he suffered $100,713.24 in property damages based on the estimate prepared by Scott. Compl. [1] at 3. Allstate, on the other hand, reached a different figure in estimating Bennett's property damage. *Id.* at 2. This difference of opinion as to the value of Bennett's claim does not rise to the level of an actionable, independent tort for bad faith. *See, e.g., Nuzzo v. State Farm Mut. Auto. Ins. Co.*, No. 3:19-CV-210-KHJ-LGI, 2021 WL 1030994, at *5-6 (S.D. Miss. Mar. 17, 2021) (dismissing plaintiff's bad faith cause of action based on his insurer undervaluing his claim because it was a pocketbook dispute).

Finally, Bennett alleges that Allstate's "misrepresentation of the relevant facts and/or the terms of the Policy," and its "handling of [his] Zeta claim" were in bad faith. *Id.* at 6. Absent from the Complaint are any facts supporting these allegations, and at this stage the Court will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze*, 971 F.3d at 479 (quoting *In re Great Lakes*, 624 F.3d at 210). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" state a claim for relief. *Twombly*, 550 U.S. at 555 (citation omitted). As such, Bennett's conclusory allegations that Allstate misrepresented facts or policy terms in bad faith, and that it handled his case in bad faith, are inadequate to survive Allstate's Motion [6] to Dismiss.

In sum, Bennett asserts nothing more than a dispute between himself and his insurer over the value of his claim. Such a dispute, regardless of its legitimacy, does not rise to the level of an independent tort. *Dey*, 789 F.3d at 634 (citing *Cossitt*, 726 So. 2d at 138-39). As such, the Court finds that the Complaint does not set forth sufficient facts to state a claim for bad faith that is plausible on its face. Allstate's Motion [6] to Dismiss should be granted and Bennett's claim for bad faith will be dismissed with prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Allstate Insurance Company's Motion [6] to Dismiss Count for Bad Faith is **GRANTED**, and Plaintiff Kevin Bennett's claim for bad faith is **DISMISSED WITH PREJUDICE**. Plaintiff Kevin Bennett's claim for breach of contract against Defendant Allstate Insurance Company will proceed.

**SO ORDERED AND ADJUDGED**, this the 13th day of January, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE